U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

JUN 29 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| MARITIME INTERNATIONAL, INC. | CIVIL ACTION 14-1197 |
| VERSUS | JUDGE HAIK |
| CHRISTOPHER FORGAN, ET AL | MAGISTRATE JUDGE HANNA |

## RULING

Before the Court is a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) (Doc. #18). Defendant John Classey seeks dismissal of the claims against him arguing the Court lacks personal jurisdiction over him as he does not maintain systematic and continuous contacts with Louisiana and has not directed any contacts to Louisiana in connection with the plaintiff's claims. The defendant further seeks dismissal of the suit for failure to state a claim under Rule 12(b)(6). For the following reasons, the motion is GRANTED:

This suit arises out of a business relationship between the plaintiff and defendants. The underlying facts of the case do not need reiteration as they are clearly set forth in the record and familiar to the parties. When determining a 12(b)(2) motion, the court has great leeway in considering the entire record. When an evidentiary hearing is not held, "the party seeking to assert jurisdiction is required only to present sufficient facts to make out a *prima facie* case supporting jurisdiction." *Alpine View Co. v. Atlas Copco A.B.*, 205 F.3d 208 (5th Cir. 2000).

Federal Rule of Civil Procedure 12(b)(2) authorizes the court to dismiss an action against a defendant over whom the Court lacks personal jurisdiction. A federal court has personal jurisdiction over non-resident defendants to the extent permitted by the state's jurisdictional statute and the Due Process Clause of the Fourteenth Amendment. Louisiana Revised Statute 13:3201 authorizes personal jurisdiction "on any basis consistent with the Constitution of this state and the Constitution of the United States." The Fifth Circuit Court of Appeals has noted that only the Due Process Clause analysis is necessary because Louisiana's long arm statute authorizes jurisdiction to the extent permitted by the Fourteenth Amendment. ***Dickson Marine, Inc. v. Panalpina, Inc.*,** 179 F.3d. 331 (5th Cir. 1999).

The Fifth Circuit, following the United States Supreme Court, has laid out the framework for analyzing whether or not the Constitution permits the exercise of personal jurisdiction. To be consistent with Due Process under the Fourteenth Amendment, first the defendant must have "(1) purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" ***Central Freight Lines, Inc. v. APA Transport Corp.*,** 322 F.3d. 376 (5th Cir. 2003)

Minimum contacts may establish either specific or general jurisdiction. In *Central Freight Lines*, the appellate court states, "general jurisdiction may be asserted when a defendant's contacts with the forum state are substantial and 'continuous and systematic', but unrelated to the instant cause of action." Specific jurisdiction attaches when a defendant, "purposely directed its activities at the forum state and the litigation results from alleged injuries that arise out of or are related to those activities." *Id.*

In the instant matter, the evidence shows Mr. Classey is a subject of the United Kingdom and resident of the Netherlands. He has never resided the United States or Louisiana and has never been a United States citizen. He does not maintain or own any property, bank accounts, or assets in the United States or Louisiana. Further, he has not filed any lawsuits in Louisiana or paid any taxes in Louisiana or any other state.

Mr. Classey signed an employment agreement outside of the United States with Maritime International, Ltd. (UK), a UK corporation domiciled in the Parish of Haye, Cornwall. The agreement contains a binding choice of law provision calling for application of the laws of the United Kingdom to disputes arising from Mr. Classey's employment. He was hired as a European Sales Engineer and reported directly to the General Manager of the Maritime International, Ltd. (UK). According to the Employment Agreement, his work regions included non-US locations, including Russia, former Soviet countries, and various European countries. He made all sales calls outside of the United States to non-US companies. He did not solicit sales in the United States or Louisiana.

Mr. Classey did visit Louisiana on 3 occasions during his employment–2009, 2010, and 2011 for approximately one work week each time. These visits were work related, but unrelated to the alleged bad acts set out in the plaintiff's claims. Further, Mr. Classey received sales commissions that were drawn on a Louisiana bank, but was paid his regular salary through Maritime International, Ltd. (UK) drawn on a JP Morgan account in London, England.

The plaintiffs argue jurisdiction is proper because of Mr. Classey's visits to the United States, which they contend were routine; his routine communications with Maritime personnel in Lafayette, LA; his obtaining sales opportunities and directions from plaintiff; his receipt of compensation from Louisiana; and his allegedly bad acts which caused harm to the plaintiff in

Louisiana.

There is a multitude of case law, much of it cited by the parties, wherein courts have discussed the exercise of personal jurisdiction. This is, however, an inquiry which is fact intensive and individual to each case. It is important to note at the outset that the melding of Maritime International, Inc. and Maritime International, Ltd. (UK) is improper as these are separate entities. The plaintiff states that Mr. Classey is the sole defendant asserting a jurisdictional issue, that the others have consented, but that is of no moment as his co-defendant Mr. Forgan was employed directly by the plaintiff and his incentive agreement contained a choice of law provision wherein he specifically agreed to the application of Louisiana law. Mr. Classey signed a contract with a UK company, specifically referencing the law of the UK. These are very different scenarios.

With respect to specific jurisdiction, the plaintiff has failed to prove that Mr. Classey developed a relationship with the state of Louisiana and the litigation in a way that would satisfy the jurisdictional requirements in place. Recently, the United States Supreme Court advised the minimum contacts inquiry for specific jurisdiction should maintain a focus on "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 134 S.Ct. 1115 (2014). Mr. Classey's actions that are alleged to have been directed toward this forum, and his travel here, were within the scope of his employment and did not give rise to the claims in this lawsuit. He communicated with personnel in Louisiana and visited on three occasions for training and work related purposes. Additionally, if taking the allegations as true, the plaintiff was damaged in Louisiana because of Mr. Classey's alleged bad deeds, which fails to satisfy the plaintiff's burden. Those deeds which give rise to the claim took place outside of the forum.

It appears from the facts of this litigation that Mr. Classey specifically directed his activities outside of the state of Louisiana and the United States. His employment, employment agreement, and employment activities were directed outside of this forum. Even if he was paid commissions drawn on a Louisiana account, this is not an act he directed toward the state and is not a basis for this lawsuit. Further, the sales leads he might have obtained from Louisiana were for companies outside of the United States, as that is where Mr. Classey worked. His connection to Louisiana was with the plaintiff only, who resides in Louisiana, not the forum itself. The totality of the circumstances does not give rise to a finding of specific jurisdiction.

For the same reasons, the Court is not able to exercise general jurisdiction over Mr. Classey. The plaintiff has failed to show that Mr. Classey had substantial contacts with the United States and the State of Louisiana which were "continuous and systematic." The exercise of Mr. Classey in this matter would not comport with Due Process standards.

For the foregoing reasons, John Classey's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2) is **GRANTED** and the claims against Mr. Classey are **DISMISSED WITH PREJUDICE.** The portion of the motion seeking dismissal pursuant to Rule 12(b)(6) is **DENIED as MOOT.**

THUS DONE and SIGNED on this _29th_ day of June, 2015.

_____
RICHARD T. HAIK, SR., DISTRICT JUDGE